IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON JONES,<br>    ID # 21370-031,<br>        Petitioner,<br>vs.<br><br>MARTHA UNDERWOOD, Warden,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:18-CV-1961-S (BH)<br>)<br>)   Referred to U.S. Magistrate Judge<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on July 30, 2018 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**I.  BACKGROUND**

Jason Jones (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), challenges his conviction and sentence under 28 U.S.C. § 2241. The respondent is Martha Underwood, the Warden of FCI-Seagoville.

Petitioner was convicted of being a felon in possession of a firearm. He sentence was enhanced under the Armed Career Criminal Act (ACCA) based on three prior convictions for burglary. *See United States v. Jones*, 530 F. App'x 747, 748 (10th Cir. 2013). He was sentenced to 180 months' imprisonment in the United States District Court for the District of Kansas, Wichita Division. *See United States v. Jones*, No. 6:11-CR-10131 (D. Kan. Sept. 24, 2012). The judgment was affirmed on appeal. *See Jones*, 530 F. App'x 747. Petitioner's motion to vacate under 28 U.S.C. § 2255 was denied on March 2, 2015. *See United States v. Jones*, No. 6:11-CR-10131 (D. Kan. Mar. 2, 2015). Petitioner filed a motion for authorization to file a successive § 2255 motion

based on *Mathis v. United States*, 136 S.Ct. 2243 (2016). The Tenth Circuit Court of Appeals denied authorization because *Mathis* did not announce a new rule of law, and it is not retroactive. *See In re Jones*, No. 16-3296 (10th Cir. Oct. 25, 2016). Petitioner's § 2241 petition relies on the savings clause of 28 U.S.C. § 2255(e) and claims that his prior convictions for burglary no longer qualify as predicates for an ACCA enhancement under the sentencing guidelines in light of *Mathis*. (*See* doc. 4 at 1.)

## II. SAVINGS CLAUSE

Generally, a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, and claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000) (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)). A petitioner may challenge the legality of his detention in a § 2241 petition under the "savings clause" of § 2255, however. *Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v.*

*United States*, 243 F.3d 893, 904 (5th Cir. 2001).

A claim that a petitioner is innocent of the career offender enhancement under the ACCA does not fall with the savings clause of § 2555(e). *See Walker v. Edge*, No. 17-41142, 2018 WL 4223501 (5th Cir. Sept. 5, 2018) ("[b]ecause *Mathis* implicates the validity of a sentence enhancement, *Mathis* does not establish that [the petitioner] was convicted of a nonexistent offense," and he did not meet the requirements of the savings clause of § 2555(e)). Additionally, *Mathis* did not announce a new rule of law made retroactively applicable to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law that was retroactively applicable to cases on collateral review).

Because Petitioner has not shown that he was actually innocent of the crime of conviction, and *Mathis* was not a new rule of law made retroactively applicable to cases on collateral review, Petitioner is not entitled to use the savings clause of § 2255(e) to challenge his sentence through a § 2241 petition. *See Carter v. Blackmon*, 732 F. App'x 268, 269 (5th Cir. 2018) (petitioner not entitled to proceed under the savings clause on a claim regarding ACCA sentencing enhancement based on *Mathis*). Because his claim is not reviewable under the savings clause, and he was sentenced in the District Court of Kansas, his claim can only be raised in a § 2255 motion filed in the sentencing court, and not in this court. *See id*. This Court lacks jurisdiction to consider his *Mathis* claim, and the § 2241 petition should be dismissed for lack of jurisdiction. *See id*.[1]

---

[1] The petition should not be construed as a 28 U.S.C. § 2255 motion and transferred to the District of Kansas because a § 2255 motion would be successive, and the Tenth Circuit has already denied authorization to file a successive § 2255 motion.

## III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 21st day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE